# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 18, 2026

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | | |
| EDWARD WRIGHT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 22-986V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Guillain-Barré Syndrome |
| | * | ("GBS"); Chronic Inflammatory |
| Respondent. | * | Demyelinating Polyneuropathy ("CIDP"); |
| | * | Table Claim. |
| * * * * * * * * * * * * * * * * * * * | | |

Kathleen Margaret Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.
Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION BASED ON STIPULATION[1]

On August 18, 2022, Edward Wright ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that he suffered from Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on September 23, 2019.[3] Petition at ¶¶ 1-2 (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Petitioner also received a non-covered shingles vaccine on September 23, 2019.

1

On February 17, 2026, the parties filed a stipulation recommending an award of compensation to Petitioner.  Stipulation (ECF No. 86).  Respondent denies that the flu vaccine caused Petitioner to suffer from GBS, chronic inflammatory demyelinating polyneuropathy ("CIDP"), or any other injury or his current condition.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

(1) **A lump sum of $150,500.00, which represents compensation for first year life care expenses ($10,500.00) and pain and suffering ($140,000.00), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

(2) **A lump sum of $150,000.00, representing reimbursement of a Minnesota Department of Human Services lien for services renders on behalf of Petitioner, in the form of a check jointly payable to Petitioner and**

**Minnesota Department of Human Services**
**Tort Recovery Unit**
**Benefit Recovery Section**
**P.O. Box 64994**
**St. Paul, MN 55164-0994**
**DHS ID: 01586119 Wright**

**Petitioner agrees to endorse this check to the Minnesota Department of Health Services.**

(3) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**s/Nora B. Dorsey**
Nora B. Dorsey
Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| EDWARD WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | No. 22-986V |
| SECRETARY OF HEALTH | ) | Special Master Dorsey |
| AND HUMAN SERVICES, | ) | ECF |
| | ) | |
| Respondent. | ) | |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Edward Wright ("petitioner"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his vaccination on September 23, 2019.[1]

3. The vaccination was administered within the United States.

4. Petitioner alleges that he suffered from Guillain-Barré Syndrome ("GBS") as a result of receiving the flu vaccine and that he experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer from GBS, chronic inflammatory demyelinating polyneuropathy ("CIDP"), or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $150,500.00, which amount represents compensation for first year life care expenses ($10,500.00) and pain and suffering ($140,000.00) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner;

b. A lump sum of $150,000.00, representing reimbursement of a Minnesota Department of Human Services lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and

Minnesota Department of Human Services
Tort Recovery Unit
Benefit Recovery Section
P.O. Box 64994
St. Paul, MN 55164-0994
DHS ID: 01586119 Wright

Petitioner agrees to endorse this check to the Minnesota Department of Human Services.

c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

---

[1] Petitioner also concurrently received the shingles (Shingrix) vaccine, which is not contained in the Vaccine Injury Table.

2

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9.  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.     A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.     Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10.  The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Edward Wright, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows for the following items of compensation available under 42 U.S.C. §300aa-15(a):

a.  For future unreimbursable Insurance Premium and Maximum Out of Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $10,500.00 to be paid up to the anniversary of the date of judgment in year 2030, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

b.  For future unreimbursable Medicare Advantage and Prescription Medication expenses, beginning on the anniversary of the date of judgment in year 2030, an annual amount of $6,000.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other

3

installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Edward Wright, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Edward Wright's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or

4

otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

17. In return for the payments described in paragraphs 8 and 13, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action

5

(including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccinations administered on September 23, 2019, as alleged by petitioner in a petition for vaccine compensation filed on or about August 18, 2022, in the United States Court of Federal Claims as petition No. 22-986V.

18.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

6

21.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner to suffer GBS, CIDP, or any other injury or his current condition.

23.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*Edward Wright*

_____

EDWARD WRIGHT

**ATTORNEY OF RECORD FOR
PETITIONER:**

_____

KATHLEEN M. LOUCKS, ESQ.
Lommen Abdo, P.A.
920 Second Avenue South, Suite 1000
Minneapolis, MN 55402
Tel: (612) 336-9348
Email: kloucks@lommen.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

_____

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

George R. Grimes - Digitally signed by George R.
                    Grimes -S16
S16                 Date: 2026.01.26 12:10:36 -05'00'
_____

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, MS 14W-18
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_____

MARK K. HELLIE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4208
Email: mark.hellie@usdoj.gov

Dated: **Feb. 12, 2026**

8